UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL N.,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C18-5959 RBL

ORDER REVERSING AND REMANDING DENIAL OF BENEFITS

## I.    INTRODUCTION

This matter is before the Court on Plaintiff Michael N.'s Complaint (Dkt. 3) for review of the Commissioner of Social Security's denial of his application for disability insurance benefits. Plaintiff has severe impairments of degenerative disc disease, degenerative joint disease, lumbago, sciatica, hip abnormalities, left rotator cuff syndrome, chronic pain syndrome, fibromyalgia, major depressive disorder, generalized anxiety disorder, osteoarthritis, and spondylolisthesis. Admin. Record ("AR") (Dkt. 7) at 50. Plaintiff applied for disability benefits on September 11, 2015, alleging a disability onset date of January 14, 2015. *See id.* at 218-19. Plaintiff's application was denied on initial administrative review and on reconsideration. *Id.* at 112-25, 127-43.

At Plaintiff's request, Administrative Law Judge ("ALJ") David Johnson held a hearing

1 on Plaintiff's claims. *Id.* at 72-110. On November 15, 2017, ALJ Johnson issued a decision

2 finding Plaintiff not disabled and denying his claim for benefits. *Id.* at 48-65.

3       After the ALJ's decision, Plaintiff submitted additional medical evidence to the Appeals

4 Council. *See id.* at 8-39. That evidence documented Plaintiff's treatment from May 7-10, 2018,

5 including back surgery. *See id.*

6       On September 21, 2018, the Appeals Council issued a notice denying review. *Id.* at 1-4.

7 The Appeals Council determined that Plaintiff's newly submitted evidence did not relate to the

8 period of disability at issue, and did not affect the ALJ's decision. *Id.* at 2. Plaintiff then sought

9 review before this Court. *See* Compl.

10       Plaintiff argues that the ALJ erred in rejecting the opinions of examining psychologist

11 Alexander Patterson, Psy.D., and the Appeals Council erred in rejecting Plaintiff's newly

12 submitted evidence. Pl. Op. Br. (Dkt. 9) at 1.

13       **II.    DISCUSSION**

14       Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of

15 social security benefits if the ALJ's findings are based on legal error or not supported by

16 substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

17 Cir. 2005). The ALJ is responsible for determining credibility, resolving conflicts in medical

18 testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d

19 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

20 neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v.*

21 *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

22 **A.    The ALJ Harmfully Erred in Rejecting Dr. Patterson's Opinions**

23       Plaintiff contends that the ALJ erred in rejecting Dr. Patterson's medical opinions. Pl.

Op. Br. at 4-11. The Court agrees.

Dr. Patterson examined Plaintiff on January 8, 2016. AR at 375-79. Dr. Patterson opined that Plaintiff had normal reasoning, judgment, understanding, and memory. *Id.* at 379. He opined that Plaintiff's ability to sustain concentration and persist were mildly impaired due to anxiety. *Id.* Dr. Patterson opined that Plaintiff's interpersonal functioning and adaptation skills were severely impaired. *Id.* In terms of work capabilities, Dr. Patterson opined that Plaintiff would have difficulty maintaining consistent attendance and timeliness; completing work-related tasks; maintaining relationships with coworkers, supervisors, and the public; and managing normal work-related stress. *Id.*

The ALJ gave Dr. Patterson's opinions little weight. *Id.* at 58-59. The ALJ reasoned that (1) the limits to which Dr. Patterson opined were due to exacerbations of Plaintiffs conditions that did not persist over 12 months, (2) Dr. Patterson's opinions conflicted with those of examining doctor Philip Gibson, Ph.D., and Dr. Gibson had the benefit of seeing more recent objective medical evidence, and (3) Dr. Patterson's opinions were inconsistent with the overall medical evidence. *Id.*

To reject the opinions of an examining doctor that are contradicted, the ALJ must provide "specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (citing *Andrews*, 53 F.3d at 1042). The ALJ can satisfy this requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). The Court may also draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes*, 881 F.2d at 755.

The ALJ's first reason for rejecting Dr. Patterson's opinions does not withstand scrutiny. To be disabling for purposes of social security benefits, a condition must persist for a continuous period of at least 12 months. 20 C.F.R. § 404.1505(a). The ALJ did not explain how he concluded that the symptoms Plaintiff exhibited at Dr. Patterson's examination had not persisted over 12 months. *See* AR at 58-59. An ALJ may not reject a medical opinion "with boilerplate language that fails to offer a substantive basis for" the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014). The ALJ stated only that Plaintiff had been able to persist in the past despite similar symptoms, and "it is understandable that [Plaintiff's] worsening personal living situation provided additional stress." *Id.* at 59. This is not a specific or legitimate explanation for the ALJ's determination, but is instead a conclusory statement. That is insufficient, and the ALJ thus erred in rejecting Dr. Patterson's opinions on this basis.

The ALJ's next reason for rejecting Dr. Patterson's opinions also fails. The fact that an examining doctor's opinions conflict with another examining doctor's opinions shows only that the ALJ must resolve an evidentiary issue; it does not explain how the ALJ resolved that issue. *See Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991) ("Even when another doctor's opinion contradicts the opinion of a treating physician, an ALJ can disregard the latter only by articulating 'specific, legitimate reasons for doing so that are based on substantial evidence in the record.'") (quoting *Magallanes*, 881 F.2d at 751). The ALJ reasoned that Plaintiff reported a greater level of functioning to Dr. Gibson than to Dr. Patterson, and Dr. Gibson had more recent objective medical evidence to review than Dr. Patterson. AR at 59. The record does not support the first part of this reasoning; Plaintiff reported essentially the same level of functioning to both doctors. *See id.* at 375, 379, 475. The second part of this reasoning is too vague, as the ALJ did not identify what newer objective medical evidence made Dr. Gibson's opinion more reliable.

*See id.* at 59.  The ALJ thus erred in rejecting Dr. Patterson's opinions based on a conflict with Dr. Gibson's opinions.

The ALJ's third reason for rejecting Dr. Patterson's opinions does not withstand scrutiny, either.  An ALJ may reject an examining doctor's opinions when they are inconsistent with the overall medical evidence.  *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).  But the ALJ must identify the inconsistencies and explain why he feels the doctor's opinion is flawed.  *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989).  The ALJ noted that Plaintiff had good insight and judgment, was oriented to time, person, and place, and was in no acute distress at his appointments after Dr. Patterson's examination.  AR at 59.  None of those findings is inconsistent with Dr. Patterson's opinion that Plaintiff was severely impaired in his interpersonal functioning and adaptive skills.  Nor does the record support the ALJ's conclusion that "the other objective evidence [found] that [Plaintiff] had adaptive skills."  *See id.* at 59.  The medical records the ALJ cited contain no discussion of Plaintiff's adaptive skills.  *See id.* at 59, 537-44.  The ALJ therefore erred in rejecting Dr. Patterson's opinions as inconsistent with the overall medical evidence.

Finally, the ALJ noted that Dr. Patterson's opinions "lacked supportability in other evidence."  *Id.* at 59.  Although an ALJ may consider the extent to which a doctor supports his opinions, the ALJ must explain his reasoning.  *See Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014) (stating that conclusory reasons are insufficient to disregard a treating doctor's findings).  The ALJ did not do so, and erred in rejecting Dr. Patterson's opinions on this basis.

In sum, the ALJ did not give any specific and legitimate reasons for rejecting Dr. Patterson's opinions.  As a result, the ALJ harmfully erred in rejecting Dr. Patterson's opinions.  *See Marsh v. Colvin*, 792 F.3d 1170, 1172-73 (9th Cir. 2015).

**B.      The Court Need Not Address Whether the Appeals Council Erred in Declining to Consider Plaintiff's Newly Submitted Evidence**

Plaintiff contends that the Appeals Council erred in failing to consider evidence his counsel submitted to the Appeals Council after the ALJ's decision had issued. Pl. Op. Br. at 12-14. The Court need not reach this issue because it is already remanding the matter for further proceedings based on the ALJ's errors in rejecting Dr. Patterson's opinions.

**C.      Scope of Remand**

Plaintiff asks the Court to remand this matter for further administrative proceedings. Pl. Op. Br. at 1-2. The Court agrees that this is the appropriate remedy. *See McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

On remand, the ALJ shall reevaluate Dr. Patterson's opinions, and consider Plaintiff's newly submitted evidence. The ALJ shall conduct all further proceedings as necessary to reevaluate the disability determination in light of this opinion.

### III.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 6th day of June, 2019.

Ronald B. Leighton
United States District Judge